# __Exhibit 1__

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between plaintiffs John Karpilovsky and Jimmie Criollo, Jr. (together, "Plaintiffs"), for themselves and the Settlement Class Members (as defined below), on the one hand, and, on the other hand, All Web Leads, Inc. ("AWL"). Plaintiffs and AWL are referred to collectively in this Settlement Agreement as the "Parties."

I.     **RECITALS**

**1.1**     On February 21, 2017, plaintiff William Sullivan filed a class action complaint in the Northern District of Illinois against AWL captioned *Sullivan v. All Web Leads, Inc.*, No. 1:17-cv-01307 (N.D. Ill.) (the "Action"). The complaint alleged that AWL violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by initiating phone calls using an automatic telephone dialing system and/or an artificial o r prerecorded voice to call cellular and residential telephones without prior express consent.

**1.2**     On July 25, 2017, after William Sullivan withdrew, plaintiffs John Karpilovsky and Jimmie Criollo, Jr. filed an amended class action complaint in the Action (Dkt. 44).

**1.3**     The Action has been actively litigated. Plaintiffs' claims survived AWL's motion to dismiss, and the parties engaged in contested discovery and expert discovery, taking multiple depositions, and litigated class certification and expert challenges.

**1.4**     On June 25, 2018, the Court denied AWL's challenge to one of Plaintiffs' experts and granted Plaintiffs' motion for class certification. Dkt. 103. After sending Class Notice on about October 2, 2018, the parties resumed settlement talks and, after two in-person mediation sessions before the Hon. Wayne Andersen (ret.) and multiple emails and telephone calls, they reached this Settlement Agreement.

**1.5**     AWL denies all allegations of wrongdoing alleged in the Action. AWL specifically denies that it used automated dialers or prerecorded voice messages to call Plaintiffs or potential class members without their prior express written consent; that it violated the TCPA; and that Plaintiffs and potential class members are entitled to any relief. AWL further contends that the allegations contained in the operative complaint are not amenable to class certification. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, AWL has agreed to settle claims alleged in the operative complaint on the terms set forth in this Agreement, subject to Court approval.

**1.6**     This Settlement Agreement resulted from good faith, arms'-length settlement negotiations over several months, including two in-person mediation sessions before the Honorable Wayne Andersen (ret.) of JAMS.   Plaintiffs and AWL submitted detailed mediation submissions to Judge Andersen setting forth their respective views as to the strengths of their cases, and AWL submitted financial information as part of its mediation submissions. Additionally, Plaintiffs have reviewed data and documents produced by AWL, including detailed financial information.

**1.7**     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any of the Parties in this or any other litigation except to enforce the  terms of the Settlement Agreement and it is not an admission of wrongdoing or liability on the part  of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of their existing disputes and claims as set forth herein.

2

**1.8**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein.  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge and settle the Released Claims, as defined in Section 2.26 herein, upon and subject to the terms and conditions hereof.

## II.    DEFINITIONS

**2.1**    The "Action" means the class action filed by Plaintiffs in the Northern District of Illinois against AWL captioned *Karpilovsky, et al. v. All Web Leads, Inc.*, No. 1:17-cv-01307 (N.D. Ill.).

**2.2**    "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release between Plaintiffs, the Settlement Class Members, and AWL.

**2.3**    "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Claims Administrator pursuant to Section 8.4 of this Agreement.

**2.4**    "Cash Award" means a payment from the Settlement Fund to an eligible Settlement Class Member.

**2.5**    "Claims Administration" means the activities of the Claims Administrator consistent with the terms of this Settlement.

**2.6**    "Claims Administrator" means Postlethwaite & Netterville, subject to approval by all Parties and the Court.

**2.7**    "Claims Deadline" means the date thirty (30) days before the Final Approval Hearing.

**2.8**    "Class Counsel" means the following law firms and the attorneys associated with those law firms:

3

      a.      Lieff Cabraser Heimann & Bernstein, LLP; and

      b.      Kozonis & Klinger, Ltd.

**2.9** "Class Notice" means the notice that was provided to the Settlement Class by the Claims Administrator on or about October 2, 2018, and any additional notice that might be ordered by the Court.

**2.10** "Class Period" means from February 21, 2013, through the date of Preliminary Approval.

**2.11** "Class Representatives" means John Karpilovsky and Jimmie Criollo, Jr.

**2.12** "Court" means the United States District Court for the Northern District of Illinois.

**2.13** "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section 7.4(f).

**2.14** "Effective Date" means the date when the judgment (as described in Section 12.1 below) has become final.

**2.15** "Final Approval Hearing" and "Fairness Hearing" mean the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

**2.16** "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing.

**2.17** "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 210 calendar days after the date on which the last check for a Cash Award was issued.

**2.18** "Final Funding Date" means the date, no later than January 7, 2025, on which AWL makes its final payment into the Settlement Fund.

4

**2.19**    "Initial Funding Date" means ten (10) business days after the Effective Date.

**2.20**    "Motion for Preliminary Approval" means the motion that Plaintiffs shall submit to the Court requesting the relief set forth in Sections 6.1.

**2.21**    "Notice" means the notices to be provided to Settlement Class Members as set forth in Section VIII including, without limitation, email notice and, if necessary, mail notice and any additional notice that might be ordered by the Court.

**2.22**    "Notice Database" means the database containing Settlement Class Members' information the Parties have provided pursuant to Section 7.2.

**2.23**    "Objection Deadline" means sixty (60) calendar days after the Settlement Notice Date.

**2.24**    "Opt-Out Deadline" means sixty (60) calendar days after the Settlement Notice Date.

**2.25**    "Preliminary Approval Order" means the Order the Court enters in connection with the Motion for Preliminary Approval.

**2.26**    "Released Claims" means the claims released in Section XIII.

**2.27**    "Released Parties" means All Web Leads, Inc.,  and each of its past, present, and future parents, subsidiaries, affiliated companies, corporations, AWL customers who called or received calls from any Settlement Class Member, AWL customers who received from AWL lead data concerning any Settlement Class Member, and independent contractor agents, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives. Notwithstanding

5

anything in this Agreement to the contrary, any AWL customer that AWL discloses pursuant to Section 4.2 of this Agreement shall not be a Released Party and shall not be released by this Agreement.

**2.28** "Request for Exclusion" means the written submission submitted by a Settlement Class Member to opt out of the Settlement consistent with the terms of this Agreement and subject to the Opt-Out Deadline.

**2.29** "Settlement Class" means the Plaintiffs and all persons listed in Exhibit 1.

**2.30** "Settlement Class Members" means the Plaintiffs and those additional persons who are members of the Settlement Class, as that term is defined above, and who do not submit a timely and valid Request for Exclusion from the Settlement Class.

**2.31** "Settlement Administration Costs" means all costs incurred or to be incurred by the Claims Administrator in conducting the Claims Administration.

**2.32** "Settlement Fund" means the $6,500,000.00 non-reversionary sum that AWL shall pay to settle this Action and obtain a release of all Released Claims in favor of the Released Parties, to be paid according to the schedule, and allocated in the amounts, set forth in Section 4.3.

**2.33** "Settlement Notice Date" means thirty (30) calendar days after the Preliminary Approval Order is issued.

**2.34** "Settlement Website" means the website operated by the Claims Administrator as described in Sections 7.1, 7.3, and 8.3.

**2.35** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any regulations or rulings promulgated under it.

6

III.  **ALL PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT**

**3.1**  AWL's Position on the Conditional Certification of Settlement Class.  AWL disputes that any class, including the class defined by Plaintiffs in the First Amended Class Action Complaint, would be manageable or capable of certification under Federal Rule of Procedure 23, and further denies that a litigation class properly could be certified on the claims asserted in this Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, AWL does not oppose the certification of the Settlement Class solely for the purpose of this Settlement or the method by which Notice is provided to the Settlement Class.  Preliminary certification of the Settlement Class shall not be deemed, and shall not be, a concession that certification of a litigation class is appropriate, nor would AWL be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finally approved.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class shall be void, and no doctrine of waiver, estoppel, or preclusion shall be asserted in any litigated certification proceedings in this Action or any other judicial proceeding.  No agreements made by or entered into by AWL in connection with the Settlement Agreement, including the use of the method to provide Notice to the Settlement Class, may be used by Plaintiffs, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated proceedings, to establish the elements of any claim, or to attempt to refute any defense or position of AWL, whether in this Action or in any other judicial proceeding.

**3.2**  Plaintiffs' Belief in the Merits of Case.  Plaintiffs believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there

7

is any merit whatsoever to any of the contentions and defenses that AWL has asserted.

**3.3** <u>Plaintiffs Recognize the Benefits of Settlement</u>. Plaintiffs recognize and acknowledge, however, the expense and amount of time that would be required to continue to pursue this Action against AWL, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiffs have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement. Plaintiffs and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## IV. SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**4.1** <u>Injunctive Relief and Practice Changes</u>. AWL shall ensure that the changes it made to obtain prior express written consent after the filing of this Action shall remain implemented for the duration of this Agreement unless the Court orders otherwise for good cause, such as a change in the law..

**4.2** <u>Settlement Disclosures</u>. Unless the parties agree or the Court orders otherwise, AWL shall respond to the discovery requests attached hereto as Exhibits 2 and 3 by no later than 45 days from entry of the Preliminary Approval Order. Plaintiffs acknowledge and agree that any responses to the discovery requests in Exhibits 2 and 3 provided prior to the entry of a Final Approval Order are being provided pursuant to Federal Rule of Evidence 408, and may not be used for any purpose other than settlement. After the Final Approval Order is entered, Plaintiffs may use the responses to the discovery requests in Exhibit 3 for any purpose whatsoever so long as it is not inconsistent with the terms of this Settlement Agreement. Additionally, by no later than 30 days after the Final Approval Order is entered, AWL shall respond to the discovery requests attached hereto as Exhibit 4. No person or entity may use AWL's responses to the discovery

requests for any purpose other than to pursue TCPA claims against the entities that AWL identifies in response to the discovery requests it receives pursuant to this section.

  **4.3** <u>Settlement Fund</u>.  Subject to the terms of Section 7.4 below, AWL shall pay a non-reversionary sum in the amount of $6,500,000 into the Settlement Fund.  AWL shall begin paying this amount to the Claims Administrator on the Initial Funding Date, according to the following schedule:  AWL shall pay into the common fund:

    a. $1,500,000, less any amounts paid to the Claims Administrator pursuant to section 7.3 below, on the Initial Funding Date;

    b. $2,000,000 by no later than January 7, 2021;

    c. $1,000,000 by no later than January 9, 2023; and

    d. $2,000,000 by no later than January 7, 2025.

The Claims Administrator shall provide all necessary identification numbers and forms required by AWL to facilitate such payment, including a W-9. AWL has no obligation under this Settlement Agreement to pay any amounts in excess of $6,500,000.  AWL also shall have no responsibility or obligation to make any of the payments described in Sections 4.4, 5.1, and 5.2 below.

  **4.4** <u>Payment of Cash Awards to the Settlement Class</u>. Cash Awards shall be distributed equally on a pro rata basis to all Settlement Class Members who submit a valid and timely claim. However, as set forth below in Section 7.4, a Settlement Class Member may receive additional pro rata distributions arising from checks that were not cashed within 180 days of issuance.

  **4.5** <u>Evidence of Limited Fund</u>. AWL shall provide to Class Counsel under the protective order issued in the Action, and to the Court under seal, sufficient, reasonably-accessible, financial information to establish the appropriateness of a limited fund class action under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure.  Specifically, AWL shall provide to Class

Counsel under the protective order in the Action, and to the Court under seal, sufficient, reasonably-accessible financial information to establish that the total of the aggregated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all claims; and that the whole of the inadequate fund is to be devoted to the overwhelming claims. The Settlement shall not in any way prohibit or restrict AWL to continue paying operating expenses and/or its obligations to its lender group.

## V. ATTORNEYS' FEES, EXPENSES AND PAYMENT TO CLASS REPRESENTATIVES

**5.1.** <u>Attorneys' Fees and Expenses</u>. Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund. Class Counsel shall be entitled to payment of the full amount of their expenses and to their first pro rata payment of the fees and expenses awarded by the Court out of the Settlement Fund within five (5) business days after the Initial Funding Date. Thereafter they shall be entitled to a pro rata payment of the fees awarded by the Court within five (5) days of each subsequent payment by AWL into the Settlement Fund.

**5.2.** <u>Payment to Class Representatives</u>. Class Representatives shall ask the Court to award them incentive payments of $10,000 each for serving as the Class Representatives, for the time and effort they have personally invested in the Action Within five (5) business days after the Initial Funding Date, and after receiving W-9 forms from the Class Representatives, the Claims Administrator shall pay to Class Counsel the amount of incentive payments awarded by the Court and Class Counsel shall disburse such funds to the Class Representatives.

**5.3.** <u>Settlement Independent of Award of Fees, Expenses, and Incentive Payments</u>. The payments of attorneys' fees, expenses, and incentive payments set forth in Sections 5.1 and 5.2 are subject to and dependent upon the Court's approval as fair, reasonable, adequate,

and in the best interests of Settlement Class Members. However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs. In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties. In addition, no interest shall accrue on such amounts at any time.

## VI.     **PRELIMINARY APPROVAL**

**6.1.**     <u>Order of Preliminary Approval</u>. As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for entry of a Preliminary Approval Order. Pursuant to the Motion for Preliminary Approval, the Plaintiffs shall request that:

a.  the Court preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

b.  the Court permit AWL to file under seal, pursuant to Section 4.5, sufficient, reasonably-accessible, financial information to establish the appropriateness of a limited fund class action under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure;

c.  the Court approve the forms of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d.  the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice, and the Opt-Out Deadline and the Objection Deadline;

e.  the Court's Preliminary Approval Order reflect that the Parties agree that the Settlement does not amount to an admission of liability and that nothing in the Settlement is admissible in this Action or any future lawsuit to suggest a litigated class would be appropriately certified or that the method of providing Notice to the Settlement Class is proper, or to prove any claim on the merits;

f.  the Court preliminarily enjoin any Class Member from bringing any new alleged class action or attempting to amend an existing action to assert any Released Claims; and

g.  the Court, subject to Court approval, appoint Postlethwaite & Netterville as the Claims Administrator.

## VII.   <u>ADMINISTRATION AND NOTIFICATION PROCESS</u>

**7.1.**   <u>Claims Administrator</u>. The Claims Administrator shall be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, where feasible, updating the addresses currently collected for the Settlement Class Members, giving Notice, obtaining new addresses for returned mail, if any, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing payments, acting as a liaison between Settlement Class Members and the Parties regarding payments to Settlement Class Members, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing and the administration of the Settlement. The Claims Administrator shall provide to counsel for all Parties monthly updates on the payments made, as well as other reports the Parties request. The performance of the Claims Administrator shall meet or exceed the standards in the claims administration industry and shall be subject to the review and approval of the Parties. In addition, the Parties shall have the right to review and approve all messaging for and in the Claims Administrator's communications with Settlement Class Members before such messaging and communications are used by the Claims Administrator, including recorded message scripting for inbound calls made to the Toll-Free Telephone Number, written communications, and the URL, domain name, and content of the Settlement Website.

**7.2.**   <u>Notice Database</u>. The Claims Administrator shall maintain the list of existing Settlement Class Members for whom the notice provider's records reflect opened the previously provided Notice as of the date this Settlement Agreement was executed, and shall use this information to create the Notice Database. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes, the Claims Administrator shall so advise the Parties, and the Parties shall accommodate the Claims

12

Administrator to the extent they reasonable can to carry out the intent of this Settlement Agreement. Any personal information relating to members of the Settlement Class provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement, shall be kept in strict confidence, shall not be disclosed to any third party, and shall not be used for any other purpose. The Claims Administrator shall deliver the Notice Database, and all information derived from the Notice Database, to Class Counsel and AWL within thirty (30) days after the conclusion of the Claims Administration.

      **7.3.**   <u>Payment of Notice and Claims Administration Costs</u>. AWL shall pay the reasonable costs of notice and Claims Administration that are reasonably incurred prior to the funding of the Settlement Fund, and those payments shall be deducted from the first payment that AWL is obligated under Section 4.3 to pay into the Settlement Fund. Until the Settlement Fund is funded, the Claims Administrator shall bill AWL monthly for the reasonable costs of Claims Administration, including the reasonable costs required to update the addresses of the Settlement Class Members, email and, if necessary, print and mail Notice, establish the Settlement Website, prepare to issue checks to Settlement Class Members, and establish a toll-free telephone number, as well as any other initial administration costs reasonably related to the administration of the Settlement, all of which shall be deduced from the first payment that AWL is obligated under Section 4.3 to pay into the Settlement Fund. The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement and shall provide those to the Parties monthly. At such time that AWL is required to make its first payment into the Settlement Fund, AWL shall only be required to pay into the settlement fund $1,500,000 less all amounts previously paid to the Claims Administrator by AWL. After AWL has fully funded the Settlement

Fund, AWL shall have no further obligation to pay any amount under this Settlement Agreement. After AWL makes its first payment into the Settlement Fund, and thereafter until and unless AWL fails to make a payment required by section 4.3, Settlement Administration Costs shall be paid out of the Settlement Fund and AWL shall not be responsible for any additional charges of the Claims Administrator. At the conclusion of the Claims Administration, the Claims Administer shall provide an accounting to the Parties of the Settlement Administration Costs and how the amounts in the Settlement Fund were distributed.

**7.4.** <u>Distribution of the Settlement Fund.</u> The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a. first, no later than five (5) business days after the Initial Funding Date, and thereafter no later than five (5) business days after each payment by AWL into the Settlement Fund, the Claims Administrator shall pay to Class Counsel their full expenses and the pro rata share of attorneys' fees ordered by the Court as set forth in Section 5.1;

b. next, no later than five (5) business days after the Initial Funding Date, the Claims Administrator shall pay to the Class Representatives any incentive award ordered by the Court, as described in Section 5.2;

c. next, no later than fifteen (15) calendar days after the Initial Funding Date, the Claims Administrator shall be paid for any unreimbursed Settlement Administration Costs;

d. next, starting no later than thirty (30) days after the Final Approval Order, the Claims Administrator shall pay on a rolling basis the Cash Awards to Settlement Class Members who made a valid and timely claim, pursuant to Section IX;

e.     next, if checks that remain uncashed after one hundred eighty (180) calendar days after the date of issuance yield an amount that, after Settlement Administration Costs, would allow additional pro rata distributions to participating Settlement Class Members equal to or greater than $2.00 per participating Settlement Class Member, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed settlements checks;

f.     finally, if additional pro rata distributions are not made, or if checks remain uncashed 180 days after the additional distribution, the final uncashed amounts shall be paid to Doctors Without Borders, St. Jude Children's Research Hospital, and/or another mutually agreeable non-profit organization approved by the Court in which the Parties represent that they do not have any financial interest or otherwise have a relationship that could create any conflict of interest.

g.     The Claims Administrator shall have sole responsibility with respect to the tax treatment or escheatment of any Settlement Fund amounts and AWL shall have no responsibility or obligation with respect to the tax treatment or escheatment of any Settlement Fund amounts.

7.5     <u>Settlement Independent of Cy Pres Distribution</u>.    The Cy Pres Distribution set forth in Section 7.4(f) is subject to and dependent upon the Court's approval of it as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, this Settlement is not dependent or conditioned upon the Court's approving the Cy Pres Distribution. In the event the Court determines that the proposed recipient is not or is no longer an appropriate recipient, the Settlement shall continue to be effective and enforceable by the Parties, and the Parties shall negotiate in good faith to determine a mutually agreeable replacement procedure to distribute such monies, subject to Court approval.

15

## VIII.  NOTICES

**8.1.**　　Timing of Notice.  Notice shall be provided to all persons in the Settlement Class within thirty (30) calendar days following entry of the Preliminary Approval Order as described herein.

**8.2.**　　Settlement Notice.  The Claims Administrator shall send the Notice via email to the email addresses in the Notice Database and re-send the Notice in accordance with the procedures outlined below.

　　　　a.　　Address Confirmation.  For any email Notice for which the Claims Administrator receives a "bounce back" or other automated notification that the email was not delivered, the Claims Administrator shall use best efforts to determine the last known address of the  Settlement Class member, as set forth in AWL's records, and subject to confirmation or updating as follows: (i) the Claims Administrator shall check each address against the United States Post Office National Change of Address Database, (ii) for each mailing returned as undeliverable and with no forwarding address provided, the Claims Administrator shall conduct a skip trace search, utilizing a third-party vendor database such as LexisNexis, using the corresponding telephone number in AWL's records, and, provided a reasonable match is found showing a new address, update the address accordingly, (iii) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office, and (iv) the Claims Administrator shall update addresses based on verified requests received from persons in the Settlement Class.  The Claims Administrator shall promptly re-mail the Notices to the updated addresses provided under scenarios ii, iii, and iv above.

　　　　b.　　Costs Considered Settlement Administration Costs.  All costs of address confirmation and data trace searches shall be considered Settlement Administration Costs and deducted from the Settlement Fund.

16

**8.3.**     <u>Toll-Free Telephone Number</u>.  Within ten (10) business days of the issuance of the Preliminary Approval Order, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.  That telephone number shall be maintained on a 24-hour basis, through an interactive voice response system, until thirty (30) calendar days after the Opt-Out Deadline.  After that time, and until the Claims Administration is concluded, a recording shall advise any caller to the toll-free telephone number that the Opt-Out Deadline has passed and the details regarding the Settlement may be reviewed on the Settlement Website and the caller shall be able to leave a message to address any specific requests (e.g., the re-issuance of a check).

**8.4.**     <u>CAFA Notice</u>.  The Claims Administrator shall be responsible for serving the required CAFA Notice following review and approval of the CAFA Notice by the Parties within ten (10) calendar days after the filing of the Preliminary Approval Motion.

**IX.**     **PAYMENT PROCESS**

**9.1.**     <u>Conditions for Claiming Cash Award for Settlement Class Members</u>.  A Settlement Class Member seeking a Cash Award must submit by the Claims Deadline a valid and timely online claim form, or paper claim form, or IVR claim form through the settlement hotline, which shall contain the Settlement Class Member's (1) name; (2) current address; and (3) phone number on which the Settlement Class Member received a call giving rise to the Action.  If a Settlement Class Member fails to fully complete a Claim Form, the Claim Form shall be invalid and such Settlement Class Member shall not receive a Cash Award.

**9.2.**     <u>Mailing of Cash Awards to Settlement Class Members</u>.  Cash Awards shall be sent to all Settlement Class Members who complete a valid and timely claim form, pursuant to this Agreement including Section 9.1, by the Claims Administrator via U.S. mail to the mailing address provided on the by the Settlement Class Member on the claim form, starting no later than thirty

17

(30) calendar days after the Final Approval Order and continuing on a rolling basis through the Final Funding Date. If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by renewing the steps described in Section 8.2(a). If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator shall advise Class Counsel and counsel for AWL of the names of the Settlement Class Members whose checks are returned by the postal service as soon as practicable. Each settlement check shall be negotiable for one hundred eighty (180) calendar days after it is issued. Upon request by a Settlement Class Member, the Claims Administrator may re-issue settlement checks to the original payee, provided that the original check is cancelled and the re-issued check shall not be negotiable beyond that date that is one hundred eighty (180) calendar days after the date of issuance of the original check to such Settlement Class Member.

## X.    OPT-OUTS AND OBJECTIONS

**10.1.**   Opting Out of the Settlement. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must advise the Claims Administrator by providing a written Request for Exclusion, and such Request for Exclusion must be postmarked no later than the Opt-Out Deadline. The Claims Administrator shall provide the Parties with copies of each Request for Exclusion it receives, and shall provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.1. Settlement Class Members who do not properly and timely submit a Request for Exclusion shall be bound by this Agreement and the judgment, including the releases and covenants in Section XIII below.

a.    In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and must state that he or she wishes to be excluded from the Settlement.

18

b.      Any member of the Settlement Class who submits a valid and timely Request for Exclusion shall not be a Settlement Class Member, shall not receive any compensation under this Agreement, and shall not be bound by the terms of this Agreement.

**10.2.**   <u>Opt-Out Communications</u>.   Class Counsel agree not to represent, encourage, or solicit in any way whatsoever, any person seeking exclusion as a Settlement Class Member or any other person seeking to litigate with the Released Parties over any of the Released Claims in this matter.  However, notwithstanding the above, nothing in this settlement shall limit or abridge any communication, information, or advice of any kind that Class Counsel may give to Settlement Class Members who contact them.

**10.3.**   <u>Objections</u>.   Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection ("Objection") with the Court by no later than the Objection Deadline.

a.      In the Objection, the Settlement Class Member must state his or  her full name, address, and each telephone number that the Settlement Class Member alleges received a call giving rise to the Action; must state that the objection is made on the individual's behalf only; must identify any lawyer who was consulted as to such objection or this case; must state the reasons for his or her Objection; and must state whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.    Any documents supporting the Objection must be attached to the Objection.

b.      The Parties shall have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class.

    c.  The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

  **10.4.** <u>Fairness Hearing</u>. Any Settlement Class Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

    a. In addition to the foregoing, if a Settlement Class Member or his/her attorney requests permission to speak at the Final Approval Hearing, the written Objection filed must contain a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Settlement Class Member may introduce at the Final Approval Hearing.

  **10.5.** Any Settlement Class Member who does not file a timely Objection in accordance with this Section waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to this Settlement. Settlement Class Members who object to this Settlement shall remain Settlement Class Members, and have voluntarily waived their rights to pursue an independent remedy against AWL and, if the Settlement is approved, shall have their claims released and shall be forever bound by the Court's Final Approval Order. To the extent any Settlement Class Member objects to the Settlement, and such objection is overruled in

whole or in part, such Settlement Class Member shall have his/her claim against AWL released and shall be forever bound by the final approval of the Settlement.

## XI.   FINAL APPROVAL AND JUDGMENT ORDER

**11.1.**   If the Court issues the Preliminary Approval Order, no later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.2.**   Assuming all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to the Final Approval Hearing:

a.   All Parties shall request, individually or collectively, that the Court enter the Final Approval Order, with Class Counsel filing a memorandum of points and authorities in support of the motion;

b.   Class Counsel and/or AWL may file a memorandum addressing any Objections submitted to the Settlement; and

c.   Class Counsel shall file with the Court a list of the persons who properly and timely excluded themselves from the Settlement Class.

**11.3.**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any Objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.4.**   This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that grants final approval of this Agreement and enters a final judgment and:

a.      finds that the Notice provided satisfies the requirements of due process  and Federal Rules of Civil Procedure Rule 23(e)(1);

b.      finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

c.      finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in Sections 13.1 and 13.2, and the covenant not to sue in  Section 13.3, and that this Settlement Agreement should be and is approved;

d.      dismisses on the merits and with prejudice all claims of the Settlement Class Members and all current and former plaintiffs asserted in the Action, and dismisses on the merits and with prejudice this Action;

e.      permanently enjoins each and every Settlement Class Member and all current and former plaintiffs in this Action from bringing, joining, or continuing to prosecute any of the Released Claims against any of the Released Parties; and

f.      retains continuing  jurisdiction for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement.

## XII.   FINAL JUDGMENT

**12.1.**   The judgment entered at the Final Approval Hearing shall be deemed final and shall have an Effective Date on the later of:

a.      Thirty (30) calendar days after entry of the judgment giving final approval to the Settlement if no document is filed within that time seeking appeal, review, or rehearing of the judgment; or

b.      If any such document is filed, then five (5) business days after the date upon which all appeals periods have run and/or other proceedings resulting from such document have

been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.4.

## XIII.  **RELEASE OF CLAIMS**

**13.1.**  Released Claims.  Plaintiffs and each Settlement Class Member, as well as each of their respective assigns, heirs, executors, administrators, successors, representatives, agents, partners, attorneys, predecessors-in-interest, and any (past or present) authorized users of their cellular or residential telephones, hereby release, resolve, relinquish, and discharge each and every one of the Released Parties from each of the Released Claims (as defined below).  The Plaintiffs and the Settlement Class Members further agree that they shall not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the Released Claims.  The release does not apply to members of the Settlement Class who opt out of the Settlement by submitting a valid and timely Request for Exclusion.  "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to this Action or the facts that give rise to this Action, including but not limited to claims that could have been asserted in the Action.  This Release shall be interpreted to the fullest extent of *res judicata* principles.

23

**13.2.**   <u>Waiver of Unknown Claims</u>.  Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.  This Section constitutes a waiver, including without limitation as to any other applicable law, of Section 1542 of the California Civil Code to the extent such section applies to any Settlement Class Member, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**13.3.**   <u>Covenant Not To Sue</u>. Plaintiffs agree and covenant, and each Settlement Class Member shall be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

**13.4.** <u>Representations of Class Counsel</u>.  Consistent with the terms of the Agreed Confidentiality Order, Plaintiffs shall return to AWL and/or destroy all confidential documents and data AWL and/or the Released Parties produced to Plaintiffs.

## XIV.  **TERMINATION OF AGREEMENT**

**14.1.** <u>Either Plaintiffs or AWL May Terminate the Agreement</u>.  Plaintiffs and AWL shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) business days of any of the following occurrences:

        a.      the Court denies approval of the  Settlement Agreement; or

        b.      an appellate court reverses, denies approval, or disapproves the  Final Approval Order or the Settlement Agreement and the Settlement  Agreement is not fully reinstated on remand.

**14.2.** <u>Revert to Status Quo If Plaintiffs or AWL Terminates</u>.  If either Plaintiffs or AWL terminate this Agreement as provided in Section 14.1, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to AWL if AWL terminates the Agreement.  If Plaintiffs or Class Counsel terminate this Agreement, they shall reimburse AWL for any payments made to the Claims Administrator for services rendered to the date of termination.  If the Settlement Agreement is not approved by the Court, any Party has the option to terminate the Settlement Agreement as provided in Section 14.1 and revert to the status quo ante prior to the Settlement.

XV.   **NO ADMISSION OF LIABILITY**

**15.1.**   AWL denies any liability or wrongdoing of any kind associated with the alleged claims in the First Amended Class Action Complaint.  AWL has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by AWL that the Action is properly brought on a class or representative basis, or that any class may, can, or should be certified, other than for settlement purposes.   To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of AWL or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of AWL in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification; and (iv) are not and shall not be deemed to be a waiver of AWL's right to seek to enforce any arbitration provision in other cases or against Settlement Class Members who opt out of the Settlement.

**15.2.**   Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

26

## XVI.   MISCELLANEOUS

**16.1.**   Entire Agreement. This Agreement, including the exhibits hereto, constitutes the entire agreement between the Parties.  No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**16.2.**   Governing Law.  Unless expressly set forth herein to the contrary, this Agreement shall be governed by the laws of the state of Illinois, exclusive of its choice of law principles.

**16.3.**   Future Changes in Laws or Regulations. To the extent Congress, the FCC, or any other relevant regulatory authority promulgates different requirements under the TCPA or any other law or regulation that might govern any conduct affected by the Settlement, the Settlement shall remain in full force and effect.

**16.4.**   Jurisdiction.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**16.5.**   No Construction Against Drafter.   This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**16.6.**   Resolution of Disputes. The Parties shall cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a Motion for Preliminary Approval with the Court and to take any other actions required to effectuate this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court or by a mediator upon agreement of the Parties.

**16.7.** <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**16.8.** <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**16.9.** <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**16.10.** <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of AWL and Plaintiffs, and approved by the Court.

**16.11.** <u>Notices</u>.  Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Gary Klinger
Kozonis & Klinger, Ltd.
4849 N. Milwaukee Ave. #300
Chicago, IL 60630

Daniel M. Hutchinson
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111

If to Counsel for AWL:

Ari N. Rothman
Venable LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001

28

DocuSign Envelope ID: A549CEA4-B471-434E-8370-2147C88390C5

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of April ___, 2019.

DATED:  April 4/4/2019, 2019

Plaintiff Jimmie Criollo, Jr.

*Jimmie Criollo, Jr*
DocuSigned by:

DATED:  April 4/4/2019, 2019

Plaintiff John Karpilovsky

*John Karpilovsky*
DocuSigned by:

DATED:  April 4, 2019

Lieff Cabraser Heimann & Bernstein, LLP

Name: Daniel Hutchinson

DATED:  April 4, 2019

Kozonis & Klinger, Ltd.

Name: Gary M. Klinger

DATED:  April 4, 2019

All Web Leads, Inc.

Name: William R. Daniel
Title: President and CEO

DATED:  April 4, 2019

Venable LLP

Name: Ari N. Rothman

29

# Exhibit 1

**List of persons within the United States who received one or more non-emergency telephone calls from All Web Leads, Inc., or any party acting on its behalf**

(file to be submitted manually to the Court)

# **Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN KARPILOVSKY and JIMMIE CRIOLLO, JR., *individually and on behalf of all others similarly situated*, | Case No. 1:17-cv-01307 |
| Plaintiffs, | Hon. Harry D. Leinenweber |
| v. | |
| ALL WEB LEADS, INC., a Delaware corporation, | |
| Defendant. | |

**PLAINTIFFS' THIRD SET OF INTERROGATORIES
TO DEFENDANT ALL WEB LEADS (CONFIRMATORY DISCOVERY)**

Pursuant to Fed. R. Civ. P. 33 and this Court's preliminary approval order approving the class action settlement agreement that the parties executed in April of 2019, Plaintiffs request that the Defendant All Web Leads, Inc. respond to the interrogatories propounded herein by no later than 45 days after the Court enters its preliminary approval order.  .

**DEFINITIONS AND INSTRUCTIONS**

The following terms shall have the following meanings:

1.      "YOU," "YOUR," and/or "DEFENDANT" means All Web Leads and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of All Web Leads.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Explain why YOUR financial condition warrants a settlement pursuant to Federal Rule of Civil Procedure 23(b)(1).

**RESPONSE TO INTERROGATORY NO. 1:**

Dated: _____, 2019                    Respectfully submitted,

                                                JOHN KARPILOVSKY and
                                                JIMMIE CRIOLLO, JR.


                                                /s/ *Gary M. Klinger*

                                                KOZONIS & KLINGER, LTD.
                                                Gary M. Klinger (ARDC # 6303726)
                                                4849 N. Milwaukee Ave., Ste. 300
                                                Chicago, Illinois 60630
                                                Phone: 773.545.9607
                                                Fax: 773.496.8617
                                                gklinger@kozonislaw.com

                                                -and-

                                                LIEFF  CABRASER  HEIMANN  &
                                                BERNSTEIN, LLP
                                                Jonathan D. Selbin
                                                Email: jselbin@lchb.com
                                                250 Hudson Street, 8th Floor
                                                New York, NY  10013
                                                Telephone:  (212) 355-9500
                                                Facsimile:  (212) 355-9592

                                                LIEFF  CABRASER  HEIMANN  &
                                                BERNSTEIN, LLP
                                                Daniel M. Hutchinson
                                                Email: dhutchinson@lchb.com
                                                275 Battery Street, 29th Floor
                                                San Francisco, CA 94111-3339
                                                Telephone:  (415) 956-1000
                                                Facsimile:   (415) 956-1008

                                                *Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Gary M. Klinger, hereby certify that on the _____ 2019, I served Plaintiff's Third Set of Interrogatories (Confirmatory Discovery) on the following counsel of record for Defendant by email at the email addresses set forth below:

/s/ *Gary M. Klinger*_____

Gary M. Klinger

LATIMER LEVAY FYOCK LLC
Saskia Nora Bryan, IARDC #6255682
Email: sbryan@llflegal.com
55 W. Monroe St., Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000
Facsimile: (312) 422-8001

VENABLE LLP
Ari N. Rothman, USDC-IL #90785518
Email: anrothman@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

COPILEVITZ & CANTER, LLC
William E. Raney, MO #46954
Email: braney@cckc-law.com
Kellie Mitchell Bubeck, MO #65573
Email: kmitchell@cckc-law.com
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN KARPILOVSKY and JIMMIE CRIOLLO, JR., *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-01307 |
| ALL WEB LEADS, INC., a Delaware corporation, | Hon. Harry D. Leinenweber |
| Defendant. | |

**PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT ALL WEB LEADS (CONFIRMATORY DISCOVERY)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's preliminary approval order approving the class action settlement agreement that the parties executed in April of 2019, Plaintiffs request that Defendant All Web Leads, Inc. ("All Web Leads") produce the documents and electronically-stored information described herein, at Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111, by no later than 45 days after the Court enters its preliminary approval order. As required by Rule 34(b), please provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

**INSTRUCTIONS**

1. Pursuant to Rule 26(b)(5), if YOU withhold the production of any DOCUMENT which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, YOU shall state in a privilege log the nature of the claim of privilege or

protection; and describe generally the type and nature of the DOCUMENT; the date of the

DOCUMENT; the identity of the author(s), the addressees, and any recipients of the

DOCUMENT; the DOCUMENT's present location; and any other information that will enable

Plaintiff and the Court to assess the applicability of the privilege or protection.

2.      Unless otherwise indicated, these requests shall pertain to the time period from

January 1, 2015 to June 25, 2018.

3.      Wherever the word "or" appears herein, the meaning intended is the logical

inclusive "or," i.e., "and/or."

## **DEFINITIONS**

The following terms shall have the following meanings:

1.      "CONCERNING" or "RELATING TO" means referring to, regarding,

describing, evidencing, constituting, discussing, memorializing, summarizing, recording or

providing evidence of a subject matter.

2.      The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any

ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic,

photographic, printed or otherwise recorded matter or recording of symbols in tangible form,

however produced or reproduced, of every kind and regardless of where located, which is in

YOUR possession, custody, or control; or in the possession, custody or control of any servant or

agent of YOU or of YOUR attorneys.  The terms include the following: electronically recorded

information such as electronic mail ("email"), html files, databases, data processing cards or

tapes, computerized data, computer diskettes, or information otherwise contained on a

computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any

information maintained on digital, electronic, magnetic or other media; and any other summary,

schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

3.  "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

   a.  Activity listings of electronic mail receipts and/or transmittals;

   b.  Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

   c.  Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

d.      Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.  Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

4.       "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU.

5.      "YOU," "YOUR," and/or "DEFENDANT" means All Web Leads and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of All Web Leads.

6.      The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

7.      These Requests shall be deemed continuing so as to require seasonable supplemental responses as YOU or YOUR attorneys obtain further information or materials from the time YOUR answers are served until the time the settlement fund has been disbursed completely or trial.

### FORMAT OF PRODUCTION

It is hereby requested that YOU meet and confer with us regarding the production format(s) for all data or documents maintained in electronic form *before* producing any documents.  Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer-searchable format.

4

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

YOUR financial statements or consolidated financial statements for the years ended December 31, 2016, 2017, and 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

**REQUEST FOR PRODUCTION NO. 2:**

All loan agreements or credit agreements and amendments thereto evidencing or reflecting indebtedness between YOU and any THIRD PARTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and/or ESI CONCERNING sufficient to show YOUR ability (or lack thereof) to satisfy a judgment on behalf of the class that the Court certified on June 25, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and ESI that YOU referenced in YOUR response to Plaintiffs' Third Set of Interrogatories to Defendant All Web Leads (Confirmatory Discovery).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Dated: _____, 2019

Respectfully submitted,

JOHN KARPILOVSKY and
JIMMIE CRIOLLO, JR.


/s/ *Gary M. Klinger*

KOZONIS & KLINGER, LTD.
Gary M. Klinger (ARDC # 6303726)
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 773.545.9607
Fax: 773.496.8617
gklinger@kozonislaw.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Gary M. Klinger, hereby certify that on the _____ day of _____ 2019, I served Plaintiff's Fourth Set of Requests for Production of Documents (Confirmatory Discovery) on the following counsel of record for Defendant by email at the email addresses set forth below:

/s/ *Gary M. Klinger*_____

Gary M. Klinger

LATIMER LEVAY FYOCK LLC
Saskia Nora Bryan, IARDC #6255682
Email: sbryan@llflegal.com
55 W. Monroe St., Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000
Facsimile: (312) 422-8001

VENABLE LLP
Ari N. Rothman, USDC-IL #90785518
Email: anrothman@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

COPILEVITZ & CANTER, LLC
William E. Raney, MO #46954
Email: braney@cckc-law.com
Kellie Mitchell Bubeck, MO #65573
Email: kmitchell@cckc-law.com
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000

# **Exhibit 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN KARPILOVSKY and JIMMIE CRIOLLO, JR., *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-01307 |
| ALL WEB LEADS, INC., a Delaware corporation, | Hon. Harry D. Leinenweber |
| Defendant. | |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO DEFENDANT ALL WEB LEADS**

Pursuant to Fed. R. Civ. P. 33 and this Court's preliminary approval order approving the class action settlement agreement that the parties executed in April of 2019, Plaintiffs request that the Defendant All Web Leads, Inc. respond to the interrogatories propounded herein by no later than 45 days after the Court enters its preliminary approval order.

**DEFINITIONS AND INSTRUCTIONS**

The following terms shall have the following meanings:

1.      "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

2.      "DIALED CALL" means any attempt to connect with a person via placing a telephone call or text message using a DIALER.

3.      "DIALER" means any electronic or manual system that is capable of making a telephone call or sending a text message.

4.  "IDENTIFY" means:

a.  when used with respect to a natural person, to state: (1) the full name of the person, (2) his or her present or last known business and residential address and telephone number, (3) his or her email address, (4) his or her employer and position or title, (5) a description of his or her responsibilities, and (6) with respect to expert witnesses, the witness's profession and qualifications. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

b.  with respect to legal actions, to state: (1) the full names of all parties, (2) each party's status (such as plaintiff, defendant, third-party defendant, or intervenor), (3) the case number, (4) the jurisdiction and specific court or tribunal, (5) the date the action was filed, (6) the date the action was finally disposed of, or else an indication that the action is still pending, (7) for each appeal, the full names of all parties to the appeal, (8) for each appeal, all docket numbers, (9) for each appeal, the jurisdiction and specific appellate court or tribunal, (10) for each appeal, the date filed, and (11) for each appeal, the date the appeal was finally decided or otherwise disposed of, or if the appeal is still pending, an indication to that effect.

c.  with respect to DOCUMENTS, to state: (1) the type of document (e.g., "letter to John Doe, cc: Richard Roe"), (2) its date or approximate date, (3) its author or authors, (4) its recipient or recipients, (5) its subject matter, and (6) its present location or custodian (or in lieu thereof attach a copy of the document). You need not provide a description as detailed as the foregoing if the document is produced in response to these Interrogatories and if such information is readily discernible from the document.

d.      with respect to a DOCUMENT that was, but is no longer, in your possession or subject to your control, or in existence, to state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

e.      when used with respect to verbal communication, discussion, or meeting, to state: (1) the type of communication, discussion or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) its general subject matter.

5.      "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

6.      "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU and with whom YOU have no contractual obligation to defend or indemnify or otherwise hold harmless with respect to alleged or actual violations of the Telephone Consumer Protection Act, 47 U.S.C., § 227, *et seq*.

7.      "YOU," "YOUR," and/or "DEFENDANT" means All Web Leads and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of All Web Leads.

8.      "LEAD" or "LEADS" means all PERSONS IDENTIFIED by YOU in response to Interrogatory No. 8 in Plaintiff's First Set of Interrogatories, and all PERSONS YOU thereafter identified so that Plaintiffs could provide notice to the class that the Court certified on June 25, 2018.

9.    The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all THIRD PARTIES to whom YOU transferred a DIALED CALL.

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

For all THIRD PARTIES IDENTIFIED in response to Interrogatory No. 1, IDENTIFY all DIALED CALLS YOU made to the LEADS and then transferred to that THIRD PARTY, and for each such DIALED CALL state:

  a.  The phone number called, the date and time of the call and the result of the call (*e.g.* no answer, message left, spoke with John Doe, etc.);

  b.  The PERSON YOU were attempting to reach, including each such PERSON's name, address, email, and phone number; and

  c.  The DIALER used and its location.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

IDENTIFY all LEAD data sold or transferred by AWL to any THIRD PARTY for the time period from January 1, 2015 to June 25, 2018.

**RESPONSE TO INTERROGATORY NO. 3:**

Dated: April __, 2019

Respectfully submitted,

JOHN KARPILOVSKY and
JIMMIE CRIOLLO, JR.


/s/ *Gary M. Klinger*

KOZONIS & KLINGER, LTD.
Gary M. Klinger (ARDC # 6303726)
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 773.545.9607
Fax: 773.496.8617
gklinger@kozonislaw.com

-and-

LIEFF    CABRASER    HEIMANN    &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF    CABRASER    HEIMANN    &
BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Gary M. Klinger, hereby certify that on the___ day of April 2019, I served Plaintiff's Second Set of Interrogatories on the following counsel of record for Defendant by email at the email addresses set forth below:

/s/ *Gary M. Klinger*

Gary M. Klinger

LATIMER LEVAY FYOCK LLC
Saskia Nora Bryan, IARDC #6255682
Email: sbryan@llflegal.com
55 W. Monroe St., Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000
Facsimile: (312) 422-8001

VENABLE LLP
Ari N. Rothman, USDC-IL #90785518
Email: anrothman@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

COPILEVITZ & CANTER, LLC
William E. Raney, MO #46954
Email: braney@cckc-law.com
Kellie Mitchell Bubeck, MO #65573
Email: kmitchell@cckc-law.com
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN KARPILOVSKY and JIMMIE CRIOLLO, JR., *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-01307 |
| ALL WEB LEADS, INC., a Delaware corporation, | Hon. Harry D. Leinenweber |
| Defendant. | |

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT ALL WEB LEADS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's preliminary approval order approving the class action settlement agreement that the parties executed in April of 2019, Plaintiff requests that Defendant All Web Leads, Inc. ("All Web Leads") produce the documents and electronically-stored information described herein, at Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111, by no later than 45 days after the Court enters its preliminary approval order. As required by Rule 34(b), please provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

**INSTRUCTIONS**

1.      Pursuant to Rule 26(b)(5), if YOU withhold the production of any DOCUMENT which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, YOU shall state in a privilege log the nature of the claim of privilege or

1

protection; and describe generally the type and nature of the DOCUMENT; the date of the

DOCUMENT; the identity of the author(s), the addressees, and any recipients of the

DOCUMENT; the DOCUMENT's present location; and any other information that will enable

Plaintiff and the Court to assess the applicability of the privilege or protection.

2.      Unless otherwise indicated, these requests shall pertain to the time period from

January 1, 2015 to June 25, 2018.

3.      Wherever the word "or" appears herein, the meaning intended is the logical

inclusive "or," i.e., "and/or."

## **DEFINITIONS**

The following terms shall have the following meanings:

1.      "CONCERNING" or "RELATING TO" means referring to, regarding,

describing, evidencing, constituting, discussing, memorializing, summarizing, recording or

providing evidence of a subject matter.

2.      "DIALED CALL" means any attempt to connect with a person via placing a

telephone call or text message using a DIALER.

3.      "DIALER" means any electronic or manual system that is capable of making a

telephone call or sending a text message.

4.      The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any

ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic,

photographic, printed or otherwise recorded matter or recording of symbols in tangible form,

however produced or reproduced, of every kind and regardless of where located, which is in

YOUR possession, custody, or control; or in the possession, custody or control of any servant or

agent of YOU or of YOUR attorneys.  The terms include the following: electronically recorded

information such as electronic mail ("email"), html files, databases, data processing cards or

tapes, computerized data, computer diskettes, or information otherwise contained on a

computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any

information maintained on digital, electronic, magnetic or other media; and any other summary,

schedule, memorandum, note, statement, letter, telegram, interoffice communication, report,

diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone

or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such

writing or recording. The terms "document" and "documents" include any originals, all file

copies, all other copies, no matter how prepared, and all drafts prepared in connection with such

documents, whether or not used, as well as the file in which the documents are maintained. A

draft or non-identical copy of a document, including a copy or duplicate of a document that has

any nonconforming notes, marginal annotations or other markings, and any preliminary version,

draft or revision of the foregoing, is a separate document within the meaning of these terms.

5. "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full

meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the

following:

a. Activity listings of electronic mail receipts and/or transmittals;

b. Output resulting from the use of any software program, including without

limitation word processing documents, spreadsheets, database files, charts, graphs and outlines,

electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs,

operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all

miscellaneous media on which they reside and regardless of whether such electronic data exist in

an active file, deleted file, or file fragment;

      c.      Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

      d.      Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.  Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

6.      "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

7.      "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU, and with whom YOU have no contractual obligation to defend or indemnify or otherwise hold harmless with respect to alleged or actual violations of the Telephone Consumer Protection Act, 47 U.S.C., § 227, *et seq*.

8.      "YOU," "YOUR," and/or "DEFENDANT" means All Web Leads and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of All Web Leads.

9.      "LEAD" or "LEADS" means all PERSONS IDENTIFIED by YOU in response to Interrogatory No. 8 in Plaintiff's First Set of Interrogatories, and all PERSONS YOU thereafter identified so that Plaintiffs could provide notice to the class that the Court certified on June 25, 2018.

10. The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

## FORMAT OF PRODUCTION

It is hereby requested that YOU meet and confer with us regarding the production format(s) for all data or documents maintained in electronic form *before* producing any documents. Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer-searchable format.

## DOCUMENTS TO BE PRODUCED

## REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS sufficient to show each DIALER(s) that YOU used to make the calls that YOU IDENTIFIED in response to Interrogatory No. 2 of Plaintiff's Second Set of Interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:


## REQUEST FOR PRODUCTION NO. 2:

DOCUMENTS sufficient to show that date and time that YOU placed each DIALED CALL that YOU IDENTIFIED in response to Interrogatory No. 2 of Plaintiff's Second Set of Interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the telephone numbers to which YOU placed any

DIALED CALL that YOU IDENTIFIED in response to Interrogatory No. 2 of Plaintiff's Second

Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**


**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show the THIRD PARTY to whom each DIALED CALL

that YOU IDENTIFIED in response to Interrogatory No. 2 of Plaintiff's Second Set of

Interrogatories was transferred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Dated: April \_\_, 2019

Respectfully submitted,

JOHN KARPILOVSKY and
JIMMIE CRIOLLO, JR.


/s/ *Gary M. Klinger*

KOZONIS & KLINGER, LTD.
Gary M. Klinger (ARDC # 6303726)
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 773.545.9607
Fax: 773.496.8617
gklinger@kozonislaw.com

LIEFF    CABRASER    HEIMANN    &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF    CABRASER    HEIMANN    &
BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Gary M. Klinger, hereby certify that on the ___ day of April 2019, I served Plaintiff's Third Set of Requests for Production of Documents on the following counsel of record for Defendant by email at the email addresses set forth below:

/s/ *Gary M. Klinger*

Gary M. Klinger

LATIMER LEVAY FYOCK LLC
Saskia Nora Bryan, IARDC #6255682
Email: sbryan@llflegal.com
55 W. Monroe St., Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000
Facsimile: (312) 422-8001

VENABLE LLP
Ari N. Rothman, USDC-IL #90785518
Email: anrothman@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

COPILEVITZ & CANTER, LLC
William E. Raney, MO #46954
Email: braney@cckc-law.com
Kellie Mitchell Bubeck, MO #65573
Email: kmitchell@cckc-law.com
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000

# **<u>Exhibit 4</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN KARPILOVSKY and JIMMIE CRIOLLO, JR., *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-01307 |
| ALL WEB LEADS, INC., a Delaware corporation, | Hon. Harry D. Leinenweber |
| Defendant. | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
<u>TO DEFENDANT ALL WEB LEADS</u>**

Pursuant to Rule 36 of the *Federal Rules of Civil Procedure* and this Court's preliminary approval order approving the class action settlement agreement that the parties executed in April of 2019, Plaintiffs John Karpilovsky and Jimmie Criollo, Jr. propound their First Set of Requests for Admission to Defendant All Web Leads, Inc. ("All Web Leads") to be answered by no later than 45 days after the Court enters its final approval order approving such class action settlement.

<u>**INSTRUCTIONS**</u>

1.      Unless otherwise indicated, these requests shall pertain to the time period from January 1, 2015, to June 25, 2018.

<u>**DEFINITIONS**</u>

The following terms shall have the following meanings:

1.      "DIALED CALL" means any call that you identified in response to Interrogatory No. 2 served herewith.

1

2. "DIALER" means any electronic or manual system that is capable of making a telephone call or sending a text message.

3. "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

4. "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU and with whom YOU have no contractual obligation to defend or indemnify or otherwise hold harmless with respect to alleged or actual violations of the Telephone Consumer Protection Act, 47 U.S.C., § 227, *et seq*.

5. "YOU," "YOUR," and/or "DEFENDANT" means All Web Leads and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of All Web Leads.

6. "LEAD" or "LEADS" means all PERSONS IDENTIFIED by YOU in response to Interrogatory No. 8 in Plaintiff's First Set of Interrogatories, and all PERSONS YOU thereafter identified so that Plaintiffs could provide notice to the class that the Court certified on June 25, 2018.

7. "WEBSITE" means the website alleged in Paragraph 21 of Plaintiffs' First Amended Class Action Complaint (Dkt. 44) whose url address is: https://quote.affordable-health-insuranceplans.org/HealthShort.

8. The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**    Admit that each DIALED CALL YOU made and then transferred to a

THIRD PARTY was placed on behalf of, or was intended to benefit, that THIRD PARTY.

**<u>ANSWER:</u>**


**<u>REQUEST NO. 2</u>:**  Admit that any DIALED CALLS YOU made and then transferred to a THIRD PARTY were placed with a DIALER that constitutes a predictive dialer, which had the capacity to store numbers and dial those numbers at random, in sequential order, or based on other criteria or inputs.

**<u>ANSWER:</u>**

Dated: April ___, 2019

Respectfully submitted,

JOHN KARPILOVSKY and
JIMMIE CRIOLLO, JR.


/s/ *Gary M. Klinger*

KOZONIS & KLINGER, LTD.
Gary M. Klinger (ARDC # 6303726)
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 773.545.9607
Fax: 773.496.8617
gklinger@kozonislaw.com

LIEFF    CABRASER    HEIMANN    &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF    CABRASER    HEIMANN    &
BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Gary M. Klinger, hereby certify that on the ___ day of April 2019, I served Plaintiff's First Set of Requests for Admission on the following counsel of record for Defendant by email at the email addresses set forth below:

/s/ *Gary M. Klinger*

Gary M. Klinger

LATIMER LEVAY FYOCK LLC
Saskia Nora Bryan, IARDC #6255682
Email: sbryan@llflegal.com
55 W. Monroe St., Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000
Facsimile: (312) 422-8001

VENABLE LLP
Ari N. Rothman, USDC-IL #90785518
Email: anrothman@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

COPILEVITZ & CANTER, LLC
William E. Raney, MO #46954
Email: braney@cckc-law.com
Kellie Mitchell Bubeck, MO #65573
Email: kmitchell@cckc-law.com
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000

# **Exhibit 5**

Court Ordered Legal Notice

**If you received a non-emergency call from or on behalf of All Web Leads through the use of an automatic telephone dialing system, you may be eligible to receive a payment from a class action settlement.**

*Karpilovsky v. All Web Leads, Inc.*, Case No. 1:17-cv-1307
United States District Court, Northern District of Illinois

<span style="color:red">This Notice May Affect Your Legal Rights. Please Read It Carefully.</span>

*A court authorized this notice. This is not a solicitation from a lawyer.*

A $6,500,000 settlement has been reached in a class action lawsuit alleging that All Web Leads, Inc. ("AWL") used an automatic telephone dialing system to make telemarketing calls to cellular phones without the consent of recipients in violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 *et seq.* AWL denies that it did anything wrong. The Court has not decided who is right.

You received this e-mail because AWL's records show that you may have received one or more calls from AWL that would allow you to be a member of the Settlement Class. The Court decided that the Settlement Class includes:

> All persons listed in Exhibit 1 [to the Settlement Agreement], which comprises certain persons within the United States who received one or more non-emergency telephone calls from All Web Leads, Inc., or any party acting on its behalf.

**What Are the Settlement Terms?** AWL has put in place certain practice changes designed to prevent violations of the TCPA's provisions on using an automatic telephone dialing system. A Settlement Fund of $6,500,000 is being established to pay valid claims, attorneys' fees and costs, incentive awards, and settlement administration costs and expenses. Any remaining monies from uncashed settlement checks will be redistributed to valid claimants on a pro rata basis up to a certain amount, with any leftover amount paid to a non-profit charity selected by the parties and approved by the Court.

**How Can I Get a Payment?** To get a payment in the form of a check or electronic payment, you must submit a claim. You can submit your claim online, through the settlement hotline, or by mail. It is estimated that payments will be at least $70. The amount of the final cash payment will depend on the total number of valid and timely claims filed by all Settlement Class Members. The claim deadline is _____.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by_____. If you do not exclude yourself, you will release your claims against AWL and _____. You may object to the Settlement by _____. A detailed notice available on the website explains how to exclude yourself or object. The Court will hold a hearing on _____ to consider whether to approve the Settlement, a request for attorneys' fees of not more than 35% of the Settlement Fund, and a service payment of $10,000 each to the two Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. **For more information, call or visit the website.**

**Do I Have a Lawyer in the Case?** Yes. The Court appointed the law firms of Lieff, Cabraser, Heimann & Bernstein, LLP; and Kozonis & Klinger, Ltd. to represent you as "Settlement Class Counsel."

PLEASE VISIT <u>WWW.AWLLAWSUIT.COM</u> FOR MORE INFORMATION.

# Exhibit 6

IN THE UNDITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# If you received an unsolicited telemarketing call offering health insurance quotes or services as a result of using the website www.Affordable-Health-Insurance-Plans.org, you might be eligible to receive a cash payment from a class action settlement.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- A $6,500,000 settlement has been reached in a class action lawsuit alleging that All Web Leads, Inc. ("AWL") used an automatic telephone dialing system to made telemarketing calls without the consent of recipients in violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 *et seq*. AWL owns and operates the website, www.Affordable-Health-Insurance-Plans.org, which offers consumers free health insurance quotes online.  AWL denies that it did anything wrong and the judge presiding over the case, referred to herein as the "Court," has not decided who is right.

- The class action lawsuit settlement involves certain people who received telemarketing calls from AWL, or any party acting on its behalf, from the time period of February 21, 2013, through June 25, 2018.  You have received this notice because AWL's call records show that you might have received such a call.

- The $6,500,000 settlement fund is being established to pay valid claims, attorneys' fees and costs, service awards, and settlement administration costs and expenses.  Any remaining monies from uncashed settlement checks will be redistributed to valid claimants, with any leftover amount paid to a non-profit charity selected by the parties and approved by the Court.  AWL has also put in place certain practice changes designed to prevent violations of the TCPA.

- If you are a settlement class member, your legal rights are affected, and you have a choice you must make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
|---|---|
| SUBMIT A CLAIM FORM | **This is the only way to get a payment from the settlement.** You can submit a valid and timely claim form online at |

QUESTIONS? VISIT WWW.AWLLAWSUIT.COM

1710401.2

| | www.awllawsuit.com or by mail to Karpilovsky v. All Web Leads, Inc. c/o Postlethwaite & Netterville, P.O. Box 5219, Abita Springs, LA 70420, or by calling the toll-free number, [1-###-###-####]. If you do not do so, you will not receive a settlement payment. |
|---|---|
| **DO NOTHING** | **Get no payment but remain in the class.** You will be bound by the judgment against AWL and you will release claims you may have against AWL and the other related parties released by the settlement. |
| **ASK TO BE EXCLUDED** | **Get out of this settlement. Get no benefits from it. Keep rights.** If you ask to be excluded, you won't share in the settlement benefits. But you keep the right you have to sue AWL separately about the same legal claims in this lawsuit. |
| **OBJECT** | **Write to the Court about why you believe the settlement is unfair.** |
| **GO TO A HEARING** | **Ask to speak in Court about the fairness of the settlement.** |

- Your options are explained in this notice. To ask to be excluded, you must act before _____. To object to the settlement, you must act before _____.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement. Please be patient.

## BASIC INFORMATION

### 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, an administrator appointed by the Court will make the payments that the settlement allows. Because your rights will be affected by this settlement, it is extremely important that you read this notice carefully.

If you received an emailed notice, it is because according to AWL's records, you received calls from AWL from the time period of February 21, 2013, through June 25, 2018. If so, you have legal rights and options before the Court decides whether to approve the settlement. This notice explains these things.

Judge Harry D. Leinenweber of the United States District Court for the Northern District of Illinois is currently overseeing this case. The case is known as *Karpilovsky v. All Web Leads, Inc.,* Case No. 1:17-cv-1307. The persons who sued are called the plaintiffs. The company they are suing, AWL, is called the defendant.

## 2. What is a class action?

In a class action, one or more people called class representatives (in this case, John Karpilovsky and Jimmie Criollo, Jr.) sue on behalf of people who have similar claims. All these people are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

The Court decided that this lawsuit can be a class action because it meets the requirements of FEDERAL RULE OF CIVIL PROCEDURE Rule 23, which governs class actions filed in United States Federal Court.

## 3. Why is there a settlement?

The Court did not decide in favor of the plaintiffs or defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The representative plaintiffs and their attorneys think the settlement is best for all class members.

# WHO IS IN THE SETTLEMENT

## 4. How do I know if I am part of the settlement?

The settlement provides relief for all class members, who are described as all persons listed in Exhibit ___ to the Settlement Agreement, which comprises persons within the United States who received one or more non-emergency telephone calls from All Web Leads, Inc., or any party acting on its behalf.

If you have questions about whether you are a class member, or are still not sure whether you are included, you can call 1-###-###-#### or visit www.awllawsuit.com for more information.

# THE SETTLEMENT BENEFITS - WHAT YOU GET

## 5. What does the settlement provide?

AWL has agreed to pay a total settlement amount of $6,500,000 in four payments over time between 2019 and 2025. This amount will be used to create a settlement fund to pay settlement awards to class members, plaintiffs' attorneys' fees, any service award to the representative plaintiffs, costs, expenses, and settlement administration.

Any remaining monies from uncashed settlement checks will be redistributed to valid claimants, with any leftover amount paid to a non-profit charity selected by the parties and approved by the Court. Additionally, AWL has put in place certain practice changes designed to prevent violations of the TCPA's provisions on using an automatic telephone dialing system and the Court has ordered AWL to produce certain information to Class Counsel.

## HOW YOU GET A PAYMENT

| **6. How and when can I get payments?** |
|---|

Each class member who submits a valid and timely claim form will receive a settlement award.

A settlement award is a cash payment that will be issued by check or electronic transfer, whichever you choose. Settlement awards will be paid over time in four distributions between 2019 and 2025. It is estimated that each eligible class member's total cash award payments will total at least $70 per claim, but the final cash payment amounts will depend on the total number of valid and timely claims filed by all class members.

Claims may be submitted by **no later than** _____ electronically at www.awllawsuit.com, or by calling the toll-free number 1-###-###-####, or by mail to:

Karpilovsky v. All Web Leads, Inc.
c/o Postlethwaite & Netterville
P.O. Box 5219
Abita Springs, LA 70420

Settlement awards will not be distributed until the settlement becomes final. The Court will hold a hearing on _____, to decide whether to approve the settlement. Please be patient.

| **7. Why are the cash payments being made over time?** |
|---|

AWL provided to class counsel under the protective order issued in the lawsuit, and to the Court under seal, financial information to establish the appropriateness of a limited fund class action under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure. Specifically, AWL provided financial information to establish that it does not currently have the financial resources to pay the aggregated claims of all class members. The settlement agreement therefore permits AWL to fund the settlement over time by paying $1,500,000 in 2019; $2,000,000 by no later than January 7, 2021; $1,000,000 by no later than January 9, 2023; and $2,000,000 by no later than January 7, 2025. These payments over time will ensure that AWL can pay the full $6,500,000 settlement amount and continue to pay its operating expenses.

Cash payments will be made over time in four distributions between 2019 and 2025. Please be patient.

## 8. What am I giving up to get a payment or stay in the class?

If you are a class member, unless you exclude yourself, that means that you can't sue, continue to sue, or be part of any other lawsuit against AWL or certain other entities defined in the settlement agreement (known as the "Released Parties") about the legal issues in *this* case and all of the decisions and judgments by the Court will bind you.

For non-emergency calls made using an automatic telephone dialing system, without the prior express consent of the called party, the TCPA provides for damages of $500 per illegal call, or $1,500 per illegal call made in willful violation of the TCPA. However, AWL has denied that it made any illegal calls to anyone, and that it will have in any future lawsuit a full range of potential defenses, including that it had prior express consent to make the calls if the party provided its cellular telephone number to AWL at any time. Please note that the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs.

If you file a claim form for benefits or do nothing at all, you will release AWL and the Released Parties from any liability for them.

Remaining in the class (by filing a claim form for benefits or doing nothing at all) means that you, as well as your assigns, heirs, executors, administrators, successors, representatives, agents, partners, attorneys, predecessors-in-interest, and any (past or present) authorized users of your cellular or residential telephones, release, resolve, relinquish, and discharge AWL and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to this lawsuit or the facts that give rise to this lawsuit, including but not limited to claims that could have been asserted in the lawsuit. Remaining in the class also means that you cannot institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the claims released by the settlement.

The settlement agreement (available at the website) provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the class listed in Question 10 below for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the released claims or what they mean.

The release does not apply to class members who timely exclude themselves from the settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to participate in this settlement, then you must take the steps below to exclude yourself from the settlement.

| 9. How do I exclude myself from the settlement? |
| --- |

To exclude yourself, you must send an "Exclusion Request" form, which is available at www.awllawsuit.com. Be sure to include your name, address, and signature. You must mail your Exclusion Request postmarked by _____, to:

Karpilovsky v. All Web Leads, Inc. – Exclusions
c/o Postlethwaite & Netterville
P.O. Box 5219
Abita Springs, LA 70420

If you ask to be excluded, you will not get any settlement award, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## THE LAWYERS REPRESENTING YOU

| 10. Do I have a lawyer in this case? |
| --- |

Yes. The Court appointed the law firms of Lieff Cabraser Heimann & Bernstein, LLP; and Kozonis & Klinger, Ltd. to represent you as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 | KOZONIS & KLINGER, LTD.<br>4849 N. Milwaukee Avenue, Ste. 300<br>Chicago, Illinois 60630 |
| --- | --- |

| 11. How will the lawyers and class representatives be paid? |
| --- |

Class Counsel will ask the Court to approve payment of no more than $2,275,000 (not more than 35% of the settlement fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also request a service award of $10,000 to each of the two class representatives, in compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the settlement, will be made out of the settlement fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than _____, which is 30 days following the filing of Class Counsel's motion for an award of attorneys' fees and costs.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 12 How do I tell the Court that I do not think the settlement is fair? |
|---|

You can tell the Court that you don't agree with the settlement or some part of it. If you are a class member, you can object to the settlement if you do not think the settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a notice with the Court saying that you object to the proposed settlement in *Karpilovsky v. All Web Leads, Inc.*, Case No. 1:17-cv-1307 (N.D. Ill.). Be sure to: include your full name, address, and the telephone number you allege received a call giving rise to the lawsuit; state that your objection is made on your behalf only; identify any lawyer who was consulted about your objection or this case; provide the reasons you object to the settlement; and state whether you intend to appear at the final approval hearing on your own behalf or through counsel. **Your objection to the settlement must be postmarked no later than _____.**

## THE FAIRNESS HEARING

| 13. When and where will the Court decide whether to approve the settlement? |
|---|

The Court will hold a fairness hearing to decide whether to approve the settlement. This fairness hearing will be held at _____ a.m. on _____, _____, 2019 at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 before the Honorable Harry D. Leinenweber. The hearing may be moved to a different date or time without additional notice, so you should check the website for updates. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

| 14. May I speak at the hearing? |
|---|

If you are a class member who objects to the settlement, you may ask the Court for permission to speak at the fairness hearing. To do so, you must file a notice with the Court stating that you intend to appear at the fairness hearing in *Karpilovsky v. All Web Leads, Inc.*, Case No. 1:17-cv-1307 (N.D. Ill.). Be sure to include your full name, address, and telephone number. Your notice or letter stating your notice of intention to appear must be postmarked no later than _____, __ and be filed or sent to the Clerk of the Court. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 15. What happens if I do nothing at all? |
| --- |

If you do nothing, and are a class member, you will not receive a payment after the Court approves the settlement.  In order to receive a payment, you must submit a claim form.  You will be bound by the judgment against AWL and you will release claims you may have against AWL and the Released Parties.

## GETTING MORE INFORMATION

| 16. How do I get more information? |
| --- |

This notice summarizes the proposed settlement.  More details are in the settlement agreement. You can get a copy of the settlement agreement by calling the claims administrator toll-free at 1-###-###-####, writing to: Karpilovsky v. All Web Leads, Inc. c/o Postlethwaite & Netterville, P.O. Box 5219, Abita Springs, LA 70420; or visiting the website at www.awllawsuit.com, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a class member and whether you are eligible for a payment.

# **Exhibit 7**



## <u>Claim Form</u>

<u>Instructions:</u>

- **Your claim form must be postmarked by _____ for your claim to be accepted.**
- This claim form should only be used if a claim is being mailed in and is not being filed online at www.XXXXXXXXXXX.com or through the telephone claim filing services at 1-XXX-XXX-XXXX.

**(1) Your Name**

First Name                 MI    Last Name

**(2) Current Address**

**(3) Phone Number(s) On Which You Received a Call**

Phone Number 1

Phone Number 2

Phone Number 3

Claim forms must be mailed and postmarked to the following address by _____.

***All Web Leads TCPA Settlement Claims Administrator***
***P.O. Box xxxxx***
***xxxxxx, xxxxxxx, xxxxx***

# **Exhibit 8**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOHN KARPILOVSKY and JIMMIE
CRIOLLO, JR., *individually and on behalf of
all others similarly situated*,

               Plaintiff

    v.

ALL WEB LEADS, INC., a Delaware
corporation,

               Defendant.

Case No. 1:17-cv-01307

Hon. Harry D. Leinenweber

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
## SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and
Direction of Notice under Rule 23(e) ("Motion").

WHEREAS, on February 21, 2017, plaintiff William Sullivan filed a class action
complaint in the Northern District of Illinois against AWL captioned *Sullivan v. All Web Leads,
Inc.*, No. 1:17-cv-01307 (N.D. Ill.) (the "Action"). The complaint alleged that Defendant All
Web Leads, Inc. ("AWL") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et
seq.*. On July 25, 2017, after William Sullivan withdrew, plaintiffs John Karpilovsky and
Jimmie Criollo, Jr. filed an amended class action complaint in the Action (Dkt. 44).

WHEREAS, Plaintiffs' claims survived AWL's motion to dismiss, and the parties
engaged in contested discovery and expert discovery, taking multiple depositions, and litigated
class certification and expert challenges. On June 25, 2018, the Court denied AWL's challenge
to one of Plaintiffs' experts, and granted Plaintiffs' motion for class certification and ordered
notice to the class. Dkt. 103.

1706221.1

WHEREAS, after sending class notice on or about October 2, 2018, the parties resumed settlement talks and, after two in-person mediation sessions before the Hon. Wayne Andersen (ret.) and multiple emails and telephone calls, they reached a Settlement Agreement[1] that has been filed on the Court's docket.

WHEREAS, this Settlement Agreement is intended by the parties to fully, finally, and forever resolve, discharge and settle the Released Claims, as defined in the Settlement Agreement, upon and subject to the terms and conditions therein.

WHEREAS, the parties agree that the Settlement is a negotiated compromise, does not amount to an admission of liability, and that nothing in the Settlement is admissible in this Action or any future lawsuit to suggest a litigated class would be appropriately certified or that the method of providing Notice to the Settlement Class is proper, or to prove any claim on the merits.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT:**

1.    The Court hereby finds that the Court that will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below. The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by the Hon. Wayne R. Anderson (Ret.); has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Settlement Class Members, and a Final Approval Hearing should be set.

2.    Accordingly, the Motion is GRANTED.

---

[1]    Unless stated otherwise, capitalized terms shall have the definitions set forth in the Settlement Agreement filed herewith.

## II.     THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

3.      "Settlement Class" means, for purposes of this Class Action Settlement only, the Plaintiffs and all persons listed in Exhibit 1 to the Settlement Agreement.

4.      The Plaintiffs' lead counsel were appointed by the Court on June 25, 2018 (Dkt. 103), have applied for appointment as Settlement Class Counsel, and the proposed Class Representatives are John Karpilovsky and Jimmie Criollo, Jr., whom the Court appointed Class Representatives in its June 25, 2018 Order.

## III.    PRELIMINARY FINDINGS

5.      The Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class as defined above, consisting of approximately 534,852 individuals who received one or more non-emergency telephone calls from All Web Leads, Inc., or any party acting on its behalf.

6.      The Court furthermore finds that it will likely be able to certify the Settlement Class for purposes of judgment on the proposal, because the Settlement Class and Class Representatives likely meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4).

7.      The Court furthermore finds that certification of a limited fund class is likely appropriate because prosecuting individual actions by class members would create a risk of individual adjudications that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests within the meaning of Rule 23(b)(1)(B).

8.      Unless the parties agree or the Court orders otherwise, AWL shall respond to the discovery requests attached as Exhibits 2 and 3 to the Settlement Agreement by no later than 45 days from entry of this Order.  Any responses to the discovery requests in Exhibits 2 and 3 provided prior to the entry of a Final Approval Order shall be afforded all protections set forth in Federal Rule of Evidence 408, and may not be used for any purpose other than settlement.  After the Final Approval Order is entered, Plaintiffs may use the responses to the discovery requests in

Exhibit 3 for any purpose whatsoever so long as it is not inconsistent with the terms of this Settlement Agreement.

### IV. **NOTICE TO CLASS MEMBERS**

9.     Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion and the supporting Declaration of Kyle Mason, and the Settlement Agreement, including email notice to all Settlement Class Members, is appropriate notice, satisfies all requirements provided in Rule 23(c)(2)(A) and due process, and is reasonable within the meaning of Rule 23(e)(1)(B). The Court hereby approves such notice, appoints appoint Postlethwaite & Netterville as the Claims Administrator, and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement to Settlement Class Members under Rule 23(e)(1).

10.     Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must provide a written Request for Exclusion postmarked by the Opt-Out Deadline that states his or her full name, address, and intention to be excluded from the Settlement Class.

11.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection with the Court by the Objection Deadline that: (a) states his or her name, address, and telephone number; (b) states that the objection is made on the individual's behalf only; (c) identifies any lawyer who was consulted as to such objection or this case; (d) states the reasons for his or her Objection; and (e) states whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must be attached to the Objection. The parties shall have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Settlement Class. The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

**V.** **SCHEDULE AND PROCEDURES FOR DISSEMINATNIG NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL**

| Proposed Date | Court Adopted Date (if altered) | Event |
|---|---|---|
| _____, 2019 | _____, 2019 | Objection and Opt-Out Deadline |
| _____, 2019 | _____, 2019 | Claim Filing Deadline |
| _____, 2019 | _____, 2019 | Motion for Final Approval and Approval of Attorneys' Fees and Expenses filed |
| _____, 2019 | _____, 2019 | Final Approval Hearing |

## VI.    FINAL APPROVAL HEARING

12.    The Final Approval Hearing shall take place on _____, 2019 at ___:00 a.m. at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 before the Honorable Harry D. Leinenweber, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, (b) to determine whether an order and final judgment should be entered dismissing the Released Claims with prejudice; (c) to determine whether Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (including a incentive payments to the Class Representatives) should be approved; and (d) to consider any other matters that properly may be brought before the Court in connection with the Settlement and the notice program.

## VII.    <u>OTHER PROVISIONS</u>

13.     Class Counsel are hereby appointed as Settlement Class Counsel under rule 23(g)(3). Settlement Class Counsel and AWL are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

14.     The Parties are given leave to file under seal sufficient, reasonably-accessible, financial information to establish the appropriateness of a limited fund class action under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure.

15.     The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. The Court may approve the proposed Settlement with such modifications as Plaintiffs and Defendant may agree to, if appropriate, without further notice to the Settlement Class provided that notice of any such modifications shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Requests for Exclusion and Objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

16.     Settlement Class Counsel and AWL's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice that the parties jointly agree are reasonable or necessary.

17.     Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released Claim.

18.     The Court shall maintain continuing jurisdiction over these proceedings for the

benefit of the Settlement Class as defined in this Order.

**IT IS SO ORDERED.**

DATED: _____          _____
                                        THE HONORABLE HARRY D. LEINENWEBER
                                        UNITED STATES DISTRICT JUDGE