IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARPILOVSKY and JIMMIE CRIOLLO, JR., *individually and on behalf of all others similarly situated*,<br><br>Plaintiff<br><br>v.<br><br>ALL WEB LEADS, INC., a Delaware corporation,<br><br>Defendant. | Case No.  1:17-cv-01307<br><br>Hon. Harry D. Leinenweber |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)**

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e) ("Motion").

WHEREAS, on February 21, 2017, plaintiff William Sullivan filed a class action complaint in the Northern District of Illinois against AWL captioned *Sullivan v. All Web Leads, Inc.*, No. 1:17-cv-01307 (N.D. Ill.) (the "Action").  The complaint alleged that Defendant All Web Leads, Inc. ("AWL") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*.  On July 25, 2017, after William Sullivan withdrew, plaintiffs John Karpilovsky and Jimmie Criollo, Jr. filed an amended class action complaint in the Action (Dkt. 44).

WHEREAS, Plaintiffs' claims survived AWL's motion to dismiss, and the parties engaged in contested discovery and expert discovery, taking multiple depositions, and litigated class certification and expert challenges.  On June 25, 2018, the Court denied AWL's challenge to one of Plaintiffs' experts, and granted Plaintiffs' motion for class certification and ordered notice to the class.  Dkt. 103.

WHEREAS, after sending class notice on or about October 2, 2018, the parties resumed settlement talks and, after two in-person mediation sessions before the Hon. Wayne Andersen (ret.) and multiple emails and telephone calls, they reached a Settlement Agreement[1] that has been filed on the Court's docket.

WHEREAS, this Settlement Agreement is intended by the parties to fully, finally, and forever resolve, discharge and settle the Released Claims, as defined in the Settlement Agreement, upon and subject to the terms and conditions therein.

WHEREAS, the parties agree that the Settlement is a negotiated compromise, does not amount to an admission of liability, and that nothing in the Settlement is admissible in this Action or any future lawsuit to suggest a litigated class would be appropriately certified or that the method of providing Notice to the Settlement Class is proper, or to prove any claim on the merits.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.**      **PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT:**

1. The Court hereby finds that the Court that will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below. The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by the Hon. Wayne R. Anderson (Ret.); has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Settlement Class Members, and a Final Approval Hearing should be set.

2. Accordingly, the Motion is GRANTED.

---

[1] Unless stated otherwise, capitalized terms shall have the definitions set forth in the Settlement Agreement filed herewith.

## II. THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

3. "Settlement Class" means, for purposes of this Class Action Settlement only, the Plaintiffs and all persons listed in Exhibit 1 to the Settlement Agreement.

4. The Plaintiffs' lead counsel were appointed by the Court on June 25, 2018 (Dkt. 103), have applied for appointment as Settlement Class Counsel, and the proposed Class Representatives are John Karpilovsky and Jimmie Criollo, Jr., whom the Court appointed Class Representatives in its June 25, 2018 Order.

## III. PRELIMINARY FINDINGS

5. The Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class as defined above, consisting of approximately 534,852 individuals who received one or more non-emergency telephone calls from All Web Leads, Inc., or any party acting on its behalf.

6. The Court furthermore finds that it will likely be able to certify the Settlement Class for purposes of judgment on the proposal, because the Settlement Class and Class Representatives likely meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4).

7. The Court furthermore finds that certification of a limited fund class is likely appropriate because prosecuting individual actions by class members would create a risk of individual adjudications that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests within the meaning of Rule 23(b)(1)(B).

8. Unless the parties agree or the Court orders otherwise, AWL shall respond to the discovery requests attached as Exhibits 2 and 3 to the Settlement Agreement by no later than 45 days from entry of this Order. Any responses to the discovery requests in Exhibits 2 and 3 provided prior to the entry of a Final Approval Order shall be afforded all protections set forth in Federal Rule of Evidence 408, and may not be used for any purpose other than settlement. After the Final Approval Order is entered, Plaintiffs may use the responses to the discovery requests in

Exhibit 3 for any purpose whatsoever so long as it is not inconsistent with the terms of this Settlement Agreement.

### IV. NOTICE TO CLASS MEMBERS

9. Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion and the supporting Declaration of Dustin Mire, and the Settlement Agreement, including email notice to all Settlement Class Members, is appropriate notice, satisfies all requirements provided in Rule 23(c)(2)(A) and due process, and is reasonable within the meaning of Rule 23(e)(1)(B). The Court hereby approves such notice, appoints appoint Postlethwaite & Netterville as the Claims Administrator, and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement to Settlement Class Members under Rule 23(e)(1).

10. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must provide a written Request for Exclusion postmarked by the Opt-Out Deadline that states his or her full name, address, and intention to be excluded from the Settlement Class.

11. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection with the Court by the Objection Deadline that: (a) states his or her name, address, and telephone number; (b) states that the objection is made on the individual's behalf only; (c) identifies any lawyer who was consulted as to such objection or this case; (d) states the reasons for his or her Objection; and (e) states whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must be attached to the Objection. The parties shall have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Settlement Class. The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

## V. SCHEDULE AND PROCEDURES FOR DISSEMINATNIG NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL

| Date | Event |
| --- | --- |
| June 7, 2019 | Motion for Approval of Attorneys' Fees and Expenses filed |
| July 9, 2019 | Objection and Opt-Out Deadline |
| July 9, 2019 | Claim Filing Deadline |
| July 25, 2019 | Motion for Final Approval filed |
| August 8, 2019 at 9:00 a.m. | Final Approval Hearing |

## VI. FINAL APPROVAL HEARING

12. The Final Approval Hearing shall take place on August 8, 2019 at 9:00 a.m. at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 before the Honorable Harry D. Leinenweber, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, (b) to determine whether an order and final judgment should be entered dismissing the Released Claims with prejudice; (c) to determine whether Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (including a incentive payments to the Class Representatives) should be approved; and (d) to consider any other matters that properly may be brought before the Court in connection with the Settlement and the notice program.

**VII.    OTHER PROVISIONS**

13.    Class Counsel are hereby appointed as Settlement Class Counsel under rule 23(g)(3). Settlement Class Counsel and AWL are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

14.    The Parties are given leave to file under seal sufficient, reasonably-accessible, financial information to establish the appropriateness of a limited fund class action under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure.

15.    The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. The Court may approve the proposed Settlement with such modifications as Plaintiffs and Defendant may agree to, if appropriate, without further notice to the Settlement Class provided that notice of any such modifications shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Requests for Exclusion and Objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

16.    Settlement Class Counsel and AWL's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice that the parties jointly agree are reasonable or necessary.

17.    Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released Claim.

1713922.1

18.    The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class as defined in this Order.

**IT IS SO ORDERED.**

DATED: 4/9/2019

_____
THE HONORABLE HARRY D. LEINENWEBER
UNITED STATES DISTRICT JUDGE

1713922.1